IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00799-BNB

ANTONIO D. STANCIL,

      Applicant,

v.

WARDEN T. TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Antonio D. Stancil, is a prisoner in the custody of the Colorado

Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado.

Mr. Stancil has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (ECF No. 1).  He is challenging the validity of his conviction in Arapahoe

County District Court case number 04CR1698.

On April 1, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action.  On May 9, 2013, Respondents filed their Pre-Answer Response (ECF No.

13).  On May 23, 2013, Mr. Stancil filed a Reply to the Pre-Answer Response (ECF No.

14).

The Court must construe the application and other papers filed by Mr. Stancil

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Stancil was convicted by a jury of one count of first degree murder after deliberation, three counts of attempted first degree murder after deliberation, one count of conspiracy to commit first degree murder after deliberation, and one count of second degree assault with a deadly weapon. *See People v. Stancil*, No. 05CA1532, slip op. at 3 (Colo. App. June 26, 2008) (unpublished) (ECF No. 13-2 at 4). He is serving a sentence of life imprisonment without the possibility of parole plus 120 years. The judgment of conviction was affirmed on direct appeal, and the case was remanded to the trial court for correction of the mittimus. *See id.* On November 17, 2008, the Colorado Supreme Court denied Mr. Stancil's petition for writ of certiorari on direct appeal. (*See* ECF No. 13-3.)

On March 1, 2010, Mr. Stancil filed in the trial court a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 13-1 at 12.) On April 19, 2010, the trial court denied the Rule 35(c) motion. (*See id.*) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v. Stancil*, No. 10CA1075 (Colo. App. Aug. 2, 2012) (unpublished) (ECF No. 13-5). On February 19, 2013, the Colorado Supreme Court denied Mr. Stancil's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 13-6.)

Mr. Stancil filed the instant habeas corpus application on March 28, 2013. He raises three claims for relief. He first claims that his constitutional rights were violated

because his postconviction Rule 35(c) motion was denied without a hearing or appointment of counsel.  Mr. Stancil alleges in his second claim that his Sixth Amendment right to the effective assistance of counsel was violated because trial counsel failed to (a) challenge out-of-court identification evidence; (b) present available and exculpatory evidence to the jury; (c) properly cross-examine a crucial witness; (d) present easily-discoverable evidence that would have justified a mandatory severance; (e) object to damaging evidence; (f) seek mandatory severance rather than discretionary severance; (g) object to the prosecution's motion to have his co-defendant show his tattoos to the jury; and (h) request a limiting instruction regarding the tattoos. Mr. Stancil alleges in his third claim that his Sixth Amendment right to the effective assistance of counsel was violated because counsel on direct appeal failed to raise all possible arguments in support of the severance issue.

Respondents argue initially that Mr. Stancil's first claim for relief, in which he challenges the denial of his state court postconviction Rule 35(c) motion without a hearing or appointment of counsel, may not be raised in this habeas corpus action because it does not raise a federal constitutional issue.  Respondents are correct because there is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  As a result, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied

3

to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Stancil's first claim in the application relates solely to the state court postconviction proceedings and does not implicate the validity of the state court conviction under attack in this action. Therefore, claim one will be dismissed for failure to present a cognizable federal constitutional issue.

Respondents next argue that the entire action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Stancil's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The Colorado Supreme Court denied Mr. Stancil's petition for writ of certiorari on direct appeal on November 17, 2008. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Stancil had ninety days to seek review in the United States Supreme Court but he did not do so. Therefore, Mr. Stancil's conviction became final on February 17, 2009, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on February 17, 2009, because Mr. Stancil does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he does not argue that he did not know or could not have discovered the factual predicate for his ineffective assistance of counsel claims before

---

[1]The ninetieth day after November 17, 2008, was Sunday, February 15, 2009, and Monday, February 16, 2009, was a legal holiday. Therefore, the filing period extended until Tuesday, February 17, 2009. *See* Sup. Ct. R. 30.1.

his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Although Mr. Stancil asserts that he continually "had some type of Petition in with the court" (ECF No. 14 at 2), the record demonstrates that, after his direct appeal concluded, Mr. Stancil did not file his state court postconviction Rule 35(c) motion until March 1, 2010, after the one-year limitation period already had expired on February 17, 2010.  Because the Rule 35(c) motion was filed after the one-year limitation period already had expired, the Rule 35(c) motion did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Stancil fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons.  Therefore, the Court finds no basis for

equitable tolling in this action.

Finally, the Court will address Mr. Stancil's assertion that he "was wrongly convected [sic] of this crime." (ECF No. 14 at 2.) A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin v. Perkins*, – S. Ct. –, 2013 WL 2300806 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* at *3. To be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 2013 WL 2300806 at *12 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 2013 WL 2300806 at *3, 12. Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 2013 WL 2300806 at *12. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 2013 WL 2300806 at *4.

Mr. Stancil's vague and conclusory assertion that he "was wrongly convected [sic] of this crime" (ECF No. 14 at 2) falls far short of the showing necessary to support a credible claim of actual innocence under *Schlup*. Therefore, the Court finds no basis

for an equitable exception to the one-year limitation period based on actual innocence.

In conclusion, Mr. Stancil's first claim in the application will be dismissed because that claim does not raise a cognizable federal constitutional issue.  Mr. Stancil's second and third claims in the application, which raise ineffective assistance of counsel issues, will be dismissed as barred by the one-year limitation period.  Because the Court finds that all of Mr. Stancil's ineffective assistance of counsel issues are untimely, the Court need not address Respondents' additional argument that many of the ineffective assistance of counsel issues also are unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __6th__ day of __June__, 2013.

BY THE COURT:


__s/ Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court